**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRUNO MAZZEO-UNUM,

                      Plaintiff,

    - v -                                                 Civ. No. 1:12-CV-1856
                                                             (TJM/RFT)

DEPARTMENT OF TRANSPORTATION;
UNITED STATES PATENT/TRADEMARK OFFICE,

                      Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

BRUNO MAZZEO-UNUM
Plaintiff, *Pro Se*
171 Sheridan Ave.
Apt. 6
Albany, New York 12210

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Bruno Mazzeo-Unum. Dkt. No. 1, Compl. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* (IFP). Dkt. No. 2, IFP App.

### II. DISCUSSION

#### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action IFP, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter IFP.

#### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

In bringing this action, Plaintiff utilized two separate *pro forma* complaints, typically used for complaints brought pursuant to Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e-5, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. However, in the Nature of Suit portion of his Civil Cover Sheet, Plaintiff checked the boxes pertaining to ADA Employment, ADA Other, Railway Labor Act, Patent Property Rights, and Trademark Property Rights. *See generally* Dkt. No. 1. Within each *pro forma* Complaint, Plaintiff generally claims that he was precluded from conducting an "invention search" at the Patent and Trademark building in Alexandria, Virginia, and was denied the ability to obtain other unspecified information at the Library of Congress. No clear allegations are lodged against the other named Defendant, the Department of Transportation. Accompanying the *pro forma* Complaints are hundreds of pages bearing no decipherable connection to the lawsuit initiated herein.[1] As noted below, Plaintiff's Complaint fails to state a cognizable cause of action and therefore should be dismissed.

Turning first to Plaintiff's Title VII action, the Court notes that Title VII precludes certain employment practices that discriminate against employees on the basis of race, color, religion, sex,

---

[1] The attached documents include, *inter alia*, ambiguous hand-written diatribes, photocopied excerpts from various publications, newspaper articles and obituaries, medical degree certificates obtained by Michael John Mazzeo, photocopied photographs, advertisements, New York State Library search results, and the U.S. Railroad distance table, just to name a few.

or national origin. 42 U.S.C. § 2000e-2(a). In reviewing the *pro forma* Title VII Complaint submitted by Plaintiff, it is unclear to this Court why Plaintiff has brought such an action in that he neither claims to be an employee (or past employee) of the named Defendants nor that they subjected him to unlawful employment practices. Instead, under the "FACTS" section, he states: "Please read written information; and logical extended reasons for non-competition clause. Attempt for initially (attempting) searching was prohibited in Washington, District of Columbia. Lack of significant information from department of transportation. See enclosed." Dkt. No. 1, Title VII Compl. at p. 3. He further asserts that he did not bring a claim before the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discriminatory acts. *Id*. at p. 4.

According to the relevant statutory framework, only after charges are brought before the EEOC and a right-to-sue letter is obtained may an aggrieved party bring an action for relief in federal court. 42 U.S.C. § 2000e-5(e); *see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII . . . statutory scheme[] and, as such, a precondition to bringing such claims in federal court."). Plaintiff has patently failed to satisfy these prerequisites prior to filing this action, and he has not provided any explanation thereto. Thus, in addition to failing to state a proper claim of discrimination under Title VII, Plaintiff's failure to exhaust his administrative remedies prior to bringing this action provides another basis for dismissal of the Title VII claim.

Turning next to Plaintiff's ADA claim, we note that Plaintiff's ADA claim has similar infirmities. The ADA prohibits discrimination against a person with a disability by reason of that disability. The primary problem with Plaintiff's ADA claim is his failure to identify the nature of his disability. "Disability" is defined in the ADA as "a physical or mental impairment that substantially limits one

or more major life activities." 42 U.S.C. § 12102(1). Instead of stating his disability, Plaintiff references two prior cases filed in this District, neither of which have any connection to this action.[2] Dkt. No. 1, ADA Compl. He also makes reference to "medical/surgical/records and notes," but it is not clear where such information is derived from. Nevertheless, such incorporation is improper and this Court is not prepared to troll through Plaintiff's prior actions to cull from the mountain of papers the nature of his purported disability. Furthermore, in the section of the *pro forma* ADA Complaint that solicits what type of conduct is being complained of, Plaintiff checks various options and adds that he was "[n]ot allowed by the District of Columbia to do invention search at Library of Congress and at P.T. offices in Alexandria Va." and then under the "Facts" section, merely lists statutes.

As written, Plaintiff clearly fails to state a claim pursuant to Title VII or the ADA and such claims should be dismissed. It is unclear to this Court whether Plaintiff intended to make a request for information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, but clearly, neither Title VII nor the ADA are the proper vehicles for Plaintiff to seek judicial review. Accordingly, to the extent Plaintiff is seeking to remedy some discriminatory violation, his Complaint fails to state a cause of action to which relief can be provided and should therefore be **dismissed**.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it

---

[2] The first case identified by Plaintiff is *Mazzeo-Unum v. Soc. Sec. Admin., et al.*, Civ. No. 1:11-CV-983 (GLS/RFT). This action was purportedly brought as a civil rights action, pursuant to 42 U.S.C. § 1983, and was dismissed for failure to state a claim. The other action identified is *Mazzeo-Unum v. United States Dep't of Housing and Urban Dev. Dist. of Columbia, et al.*, Civ. No. 1:09-CV-1420 (LEK/RFT). It is unclear what the jurisdictional basis for bringing this claim, and it was ultimately dismissed for that and other reasons.

is further

**RECOMMENDED**, that the entire Complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date: January 11, 2013
      Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge